Mark D. Mailman, Esquire
Joseph L. Gentilcore, Esquire
**FRANCIS & MAILMAN, P.C.**
1600 Market Street
Suite 2510
Philadelphia, PA 19103
(215) 735-8600
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYLER JOSEPH BEAULIEU SMITH, | CIVIL ACTION |
| Plaintiff, | NO. _____ |
| v. | JURY TRIAL DEMANDED |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP. | COMPLAINT |
| Defendant. | |

### PRELIMINARY STATEMENT

1.  This is a cause of action for damages brought by an individual consumer against Defendant, First Advantage Background Services Corp. (hereinafter "First Advantage"), a business entity for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.  Plaintiff Tyler Joseph Beaulieu Smith is an adult individual residing in Jersey City, New Jersey.

5.      Defendant First Advantage Background Services Corp. ("First Advantage") is a business entity that regularly conducts business in the District of New Jersey, and which has a principal place of business located at 1 Concourse Pkwy NE, Suite 200, Atlanta, GA 30328.

## FACTUAL ALLEGATIONS

6.      In or around May 2019, Plaintiff applied for employment with Express Freight Handlers Inc. (hereinafter "Express Freight").

7.      As part of his job application, Plaintiff signed a document purportedly authorizing Express Freight to obtain a consumer report for employment purposes.

8.      Express Freight contracts with First Advantage to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9.      The consumer report supplied by First Advantage contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Express Freight.

10.     Defendant First Advantage has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11.     The inaccurate information includes, but is not limited to, two (2) criminal offense records. These records appear on the consumer report First Advantage sold about Plaintiff to Express Freight as follows: "GRAND THEFT OF FIREARM FELONY" and "POSSESSION OF DRUG MISDEMEANOR."

12.     The inaccurate information grossly disparages the Plaintiff and portrays him as a criminal and a felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

13. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

14. In fact, it appears as if Defendant mixed the file of another consumer with that of Plaintiff. Even a rudimentary review of the criminal record would show that it does not belong to Plaintiff. For example, the criminal record has a different name, Tyler Jordan Smith.

15. Despite the glaring inconsistencies stated above, Defendant sold Plaintiff's employer a consumer report that contained the inaccurate information.

16. Plaintiff was subsequently denied continued employment at Express Freight, and Plaintiff was informed by Express Freight that the basis for this denial and suspension was the inclusion of the inaccurate criminal information on Plaintiff's First Advantage consumer report, that the inaccurate information was a substantial factor for the termination.

17. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, delayed employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**COUNT ONE – VIOLATIONS OF THE FCRA**
**PLAINTIFF v. FIRST ADVANTAGE**

20.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.   At all times pertinent hereto, First Advantage was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22.   At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24.   Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b).

25.   The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**JURY TRIAL DEMAND**

26.   Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    (e)    Such other and further relief as may be necessary, just and proper.

## **DESIGNATION OF TRIAL COUNSEL**

Plaintiff hereby designates Mark D. Mailman and Joseph L. Gentilcore as trial counsel in the above-captioned matter.  Plaintiff reserves the right to amend this designation as necessary.

## **ARBITRATION CERTIFICATION**

I, Mark D. Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.  I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:    */s/ Mark D. Mailman*
          MARK D. MAILMAN, ESQUIRE
          JOSEPH L. GENTILCORE, ESQUIRE
          1600 Market Street
          Suite 2510
          Philadelphia, PA 19103
          (215) 735-8600

Dated: July 19, 2019          *Attorneys for Plaintiff*